IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANDREW WOLTERS,<br>  Petitioner, | )<br>)<br>) | Civil Action No. 7:11-cv-00509 |
| v. | )<br>) | **MEMORANDUM OPINION** |
| ERIC HOLDER, et al.,<br>  Respondents. | )<br>)<br>) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

  Andrew Wolters, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner alleges that officials at the United States Penitentiary in Lee County, Virginia ("USP Lee"), filed numerous false incident reports against him and caused his transfer to other Bureau of Prisons ("BOP") facilities. Petitioner does not describe any harm to his liberty or property interests as a result of these proceedings. This matter is before me for preliminary review, pursuant to Rules 1(b) and 4 of the Rules Governing § 2254 Cases. After reviewing petitioner's submissions, I dismiss the petition without prejudice.

  I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and

conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

Petitioner appears to allege that his unspecified constitutional rights were violated because the false incident reports caused his transfer from USP Lee to other BOP facilities, which he believes exposed him to harsher conditions of confinement.[1] The Fifth Amendment protects against deprivations of life, liberty, or property by the federal government. See U.S. Const. amend. V. Thus, a petitioner must show in order to prevail on a due process claim that the government has interfered with a protected liberty or property interest and that the procedures that led to the deprivation were constitutionally insufficient.

---

[1] Petitioner describes other facts not relevant to his petition, and he acknowledges that they are not part of any claim raised in the instant petition. Instead, petitioner states he will file a separate civil rights action about those facts. Accordingly, I do not consider the extraneous information to determine the merits of the petition, and they would not affect the outcome, regardless.

2

The fact of petitioner's conviction and imprisonment implies the transfer of his liberty to prison officials, who in their broad discretion administer his sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Nevertheless, "confinement to prison does not strip a prisoner of all liberty interests." Id. To determine whether an inmate retains a certain liberty interest, I must look at the nature of the claimed interest and determine whether the Due Process Clause applies. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7 (1979). However, petitioner does not have any legitimate claim of entitlement to how the BOP classifies him or in which facility he serves his sentence. Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005). See Moody v. Daggett, 429 U.S. 78, 88 (1976) ("Congress has given federal prison officials full discretion to control . . . conditions of confinement . . . ."). Furthermore, petitioner does not describe an atypical and significant hardship on him in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 484 (1995). Despite petitioner's allegations of false incident reports, his Fifth Amendment rights are not presently implicated. Accordingly, I dismiss the petition without prejudice for failing to state a claim upon which relief may be granted.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner.

ENTER: This 31st day of October, 2011.

Senior United States District Judge